UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2014 ★
BROOKLYN OFFICE

| | |
|---|---|
| Joseph Marchica, | Civil Action No. CV 14-2687 |
| Plaintiff, | |
| v. | SPATT, J. |
| American InterContinental University; and DOES 1-10, inclusive, | COMPLAINT TOMLINSON, M.J. JURY TRIAL DEMANDED |
| Defendants. | |

For this Complaint, the Plaintiff, Joseph Marchica, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here

## PARTIES

3. The Plaintiff, Joseph Marchica ("Plaintiff"), is an adult individual residing in Albertson, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant American InterContinental University ("American"), is an Illinois business entity with an address of 231 North Martingale Road, Schaumburg, Illinois 60173, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by American and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6. American at all times acted by and through one or more of the Agents.

## FACTS

7. On or about October 7, 2013, American began calling Plaintiff's cellular telephone, number 516-XXX-5471.

8. At all times referenced herein, American placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls from American, he heard a prerecorded message delivered by American informing Plaintiff of American's school programs and requested that Plaintiff dial "1" to receive more information or to speak with a live operator.

10. Upon reason and belief, Plaintiff did not provide his cellular telephone number to American nor did he provide his consent to American to be contacted on his cellular telephone.

11. Plaintiff did not provide his contact information to American and never requested either by agreement or otherwise that he be contacted.

12. However, if American had express consent to place calls to Plaintiff's cellular telephone number it no longer had consent to do so after Plaintiff informed American that he was not interested in its services and instructed American to cease calling him and to remove his cellular telephone number from their call list.

13. None-the-less, American continued to place calls to Plaintiff's cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, American called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

16. Defendant placed calls to Plaintiff's cellular telephone using a prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by American was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from American to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 24, 2014

Respectfully submitted,

By: _____

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff